**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| D.B.,<br>Plaintiff,<br>vs.<br>PAYAL, LLC,<br>Defendant | **Case No. 2:26-cv-02392-AB-DFM**<br>**JOINT RULE 26(f) REPORT**<br>Scheduling Conference: September 25, 2026<br>10:00 a.m.<br>Courtroom: 7B<br>HON. ANDRÉ BIROTTE JR. |

Plaintiff D.B. ("Plaintiff") and Defendant Payal, LLC ("Defendant") (collectively, the "Parties") jointly submit this Rule 26(f) Report pursuant to the Court's Order Setting Scheduling Conference in Civil Case, entered August 14, 2026 (ECF No. 26). The Parties met and conferred on September 4, 2026.

**A. <u>Statement of the Case</u>**

***Plaintiff's Statement:***

Plaintiff brings this action for damages as a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595. Plaintiff alleges that she was sex trafficked at the Red Roof Inn located at 8730 Artesia Blvd, Bellflower, California 90706-6331 (the "subject hotel"), owned and operated by Defendant Payal, LLC, from 2015 through and inclusive of 2019 – as a minor from 2015 through March 15, 2018, and as an adult (induced by force, fraud, and coercion) from March 16, 2018 through 2019. Section 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). This action asserts a beneficiary claim against a civil defendant who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person or entity knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a).

***Defendant's Statement:***

Defendant denies Plaintiff's claims and has asserted numerous defenses. Among other things, Defendant denies that it participated in a venture with Plaintiff's alleged trafficker, knowingly benefited from any such venture, or knew or should have known of the alleged trafficking violations. Defendant hereby adopts and incorporates the arguments and affirmative defenses set forth in its Answer.

**B. Subject Matter Jurisdiction**

***Plaintiff's Statement:***

Plaintiff brought this action against Defendant pursuant to the beneficiary claim available under the TVPRA, 18 U.S.C. § 1595, in the Central District of California. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States. Plaintiff alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action, including the Defendants' misconduct and omissions, occurred in the judicial district where this action is brought.

***Defendant's Statement:***

Defendant does not currently dispute that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1595(a).

**C. Legal Issues**

***Plaintiff's Statement:***

Plaintiff alleges she is a survivor of human sex trafficking, both as a minor and as an adult. Section 1591 of the TVPRA criminalizes sex trafficking by force, fraud, or coercion. See 18 U.S.C. § 1591. Section 1595 provides a beneficiary civil remedy against a defendant who "knowingly benefit[ed] … from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). Plaintiff alleges Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for rooms rented by her traffickers (or at their direction) that were used for sex trafficking, and that Defendant's repeated rental of rooms to Plaintiff's traffickers constituted participation in a venture that Defendant knew or should have known violated the TVPRA, given numerous red-flag indicators of trafficking observed or should have been so observed by Defendant's staff.

***Defendant's Statement:***

Defendant denies Plaintiff's claims and has asserted numerous defenses. Among other things, Defendant denies that it participated in a venture with Plaintiff's alleged trafficker, knowingly benefited from any such venture, or knew or should have known of the alleged trafficking violations. Defendant hereby adopts and incorporates the arguments and affirmative defenses set forth in its Answer.

**D. <u>Parties, Evidence, etc.</u>**

***Plaintiff's Potential Parties and Evidence:***

• Plaintiff D.B.;

• Plaintiff's traffickers;

• Other victims of Plaintiff's traffickers;

• Healthcare providers;

• Individuals/members of law enforcement identified in police records;

• Current and former employees, agents, and corporate representatives of Defendant;

• All persons identified or disclosed by Defendant in this litigation, including experts;

• Room registration/guest records for the subject hotel during the relevant time period;

• Any franchise or license agreements and documents relating to the subject hotel;

• Brand standards and anti-trafficking policies, protocols, and training materials for the relevant time period;

• Reports and/or records of criminal incidents at the subject hotel for the relevant time period;

• Documents relating to Plaintiff's damages.

Plaintiff reserves the right to supplement and/or amend this response as discovery continues.

***Defendant's Potential Parties and Evidence:***

- Defendant Payal, LLC, through its corporate representative(s);
- Current and former managers, employees, and agents of the subject hotel during the relevant time period;
- Amar Patel
- Amit Patal

- Dalsukhbhai Patel
- Hitesh Patel
- Chaya Patel
- Plaintiff D.B.;
- Plaintiff's alleged traffickers and any other percipient witnesses;
- Individuals and members of law enforcement identified in any police reports, incident reports, investigations, or prosecutions relating to Plaintiff, Plaintiff's alleged traffickers, or the subject hotel;
- Guest registration, room rental, occupancy, and related financial and payment records for the subject hotel during the relevant time period;
- Anti-trafficking policies, protocols, training materials, and brand standards applicable to the subject hotel during the relevant time period;
- Any franchise, license, management, or related agreements concerning the subject hotel;
- Plaintiff's medical, psychological, mental health, counseling, treatment, and other records relating to her claimed damages;
- Evidence concerning Plaintiff's alleged trafficking at the subject hotel and any efforts by alleged traffickers or associates to conceal such activity;
- Evidence concerning Plaintiff's relationship and interactions with her alleged trafficker(s);
- Relevant criminal records;
- Plaintiff's personal financial records;
- Communications involving Plaintiff, including text messages, emails, social media communications, and other forms of electronic communications or messaging;
- Communications between Plaintiff and any witness with knowledge of the alleged trafficking, including text messages, emails, social media communications, and other forms of electronic communications or messaging;
- Plaintiff's social media accounts, posts, messages, and related records;
- Plaintiff's journals, calendars, diaries, notes, or other records of relevant events;

- Any independent medical examination, expert evaluation, or related records concerning Plaintiff's alleged injuries and damages;
- All persons and documents identified or disclosed by Plaintiff in this litigation, including experts.

Defendant reserves the right to supplement and/or amend this response as discovery continues.

**E. Damages**

***Plaintiff's Statement:***

Plaintiff intends to retain an expert psychiatrist to evaluate Plaintiff and provide an expert opinion regarding the nature and extent of Plaintiff's damages. Plaintiff will produce any expert report in accordance with the deadlines set forth by the Court.

***Defendant's Statement:***

Defendant denies liability and therefore denies that Plaintiff is entitled to recover any damages from Defendant. To the extent Plaintiff claims damages, Defendant disputes the nature, extent, and causation of Plaintiff's alleged injuries. Should the case proceed, Defendant reserves the right to retain one or more rebuttal experts, including a psychiatrist or other qualified professional, to evaluate Plaintiff's claimed damages, and will produce any expert report in accordance with the deadlines set forth by the Court.

**F. Insurance**

Defendant was insured under policies issued by Kookmin Best Insurance Company ("KBIC") for annual policy periods beginning July 5, 2014, and continuing through July 5, 2020. The policies are subject to limits of $1 million for Bodily Injury and Property Damage Liability for any one occurrence, $1 million for Personal and Advertising Injury Liability for any one person or organization, and $2 million in the General Aggregate. KBIC is providing coverage subject to a reservation of rights.

**G. Motions**

At this time, the Parties do not anticipate filing motions seeking to add other parties or claims, file amended pleadings, or transfer venue.

Plaintiff reserves her right to file such motions as discovery progresses.

Because Defendant does not presently have access to Plaintiff's identity or information concerning Plaintiff's alleged trafficking beyond the allegations in the Complaint, Defendant reserves the right to file any motions that may become necessary as discovery progresses.

**H. Dispositive Motions**

Defendant intends to file a dispositive motion at the appropriate time.

**I. Manual for Complex Litigation**

The Parties agree that the level of complexity of this case does not necessitate application of the Manual for Complex Litigation.

**J. Status of Discovery**

No discovery has been exchanged between the Parties to date. The Parties agree to exchange Rule 26(a)(1) initial disclosures within 14 days of the Scheduling Conference.

**K. Discovery Plan**

The Parties agree that depositions will be limited to 10 per side. Fed. R. Civ. P. 30(a)(2).

The Parties will serve no more than 25 interrogatories, 25 requests for admission, and 50 requests for production.

If a party produces materials that it later determines to be privileged or subject to work-product protection, it may notify the receiving party in writing. Upon such notification, the receiving party shall promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.

***Plaintiff's Statement:***

Plaintiff anticipates requesting discovery from Defendant relating to all aspects of the subject TVPRA statute including, but not limited to, discovery supporting that Plaintiff was sex trafficked at the subject hotel, that Defendant participated in a venture by operating a hotel that rented rooms to individual(s) that Defendant knew or should have known was engaged in sex trafficking of Plaintiff on the premises. Plaintiff will request policy, protocol and guidelines for the time-period at issue and prior thereto pertaining to training of Defendant, its agents, staff, employees relative to measures to prevent sex trafficking. Plaintiff will request employee handbook/guidelines at the subject hotel for the time-period at issue including, but not limited to, for managerial staff, housekeeping department, front desk staff, night auditor(s), maintenance, security, and dining area staff. Plaintiff will request payroll information or other similar information setting for the identity of employees and staff for various departments at the subject

hotel for the time-period at issue including, but not limited to, for managerial staff, housekeeping department, front desk staff, night auditor(s), maintenance, security, and dining area staff. Plaintiff will also have demands pertaining to guest registration during the relevant time-period. Plaintiff does not intend to limit additional items of discovery that Plaintiff may deem relevant and/or necessary in the future and/or as discovery progresses.

***Defendant's Statement:***

Defendant anticipates seeking discovery concerning Plaintiff's identity, the timing, scope, and circumstances of Plaintiff's alleged trafficking, the identity of Plaintiff's alleged trafficker(s), and the factual basis for Plaintiff's claims against Defendant. Defendant expects to seek discovery regarding Plaintiff's alleged stays at the subject hotel, all persons with knowledge of the alleged trafficking, communications relating to the alleged trafficking, law enforcement investigations, criminal proceedings, medical and mental health treatment, and Plaintiff's claimed damages. Defendant also anticipates seeking discovery concerning Plaintiff's social media activity, financial records, employment history, educational history, and any other information relevant to Plaintiff's allegations, credibility, causation, and damages. Defendant further anticipates obtaining discovery from third parties, including law enforcement agencies, medical providers, social service providers, and other entities or individuals with information relevant to Plaintiff's claims or Defendant's defenses.

Because Defendant does not presently have access to Plaintiff's identity or information concerning Plaintiff's alleged trafficking beyond the allegations contained in the Complaint, Defendant cannot fully evaluate the scope of discovery necessary in this matter. Defendant therefore reserves the right to seek additional written discovery, third-party discovery, subpoenas, inspections, expert discovery, and depositions as discovery progresses. Defendant further reserves the right to supplement and amend this discovery plan based upon information obtained through discovery.

**L. <u>Discovery Cut-off</u>**

The Parties propose a fact discovery cut-off of **May 7, 2027**. *See* Schedule Worksheet, attached as Exhibit A.

**M. <u>Expert Discovery</u>**

The Parties propose the following expert discovery dates:

- **Plaintiff's Primary Expert Reports: May 21, 2027**
- **Defendant's Primary Expert Reports: June 21, 2027**
- **Rebuttal: July 9, 2027**
- **Expert Discovery Cut-Off: July 30, 2027**

**N. <u>Settlement Efforts to Date and Alternative Dispute Resolution ("ADR")</u>**

There have been no settlement discussions to date. The Parties select ADR Procedure No. 3 (private mediation) pursuant to Central District Local Rule 16-15.4. The Parties agree to complete the settlement conference by August 13, 2027.

**O. <u>Trial Estimate</u>**

The Parties request a trial by jury and expect the trial to take approximately five days.

At present, Plaintiff expects to call between five and ten witnesses, including fact and expert witnesses. Plaintiff reserves her the right to amend this estimate.

Based on the information presently available, Defendant expects to call between five and ten witnesses, including fact witnesses, corporate representative witnesses, and expert witnesses. Because Defendant does not presently have access to Plaintiff's identity or information concerning Plaintiff's alleged trafficking beyond the allegations contained in the Complaint, Defendant cannot fully evaluate the number of witnesses that may be necessary at trial. Defendant therefore reserves the right to amend this estimate as discovery progresses.

**P. <u>Trial Counsel</u>**

| **For Plaintiff:** | **For Defendant Payal, LLC:** |
|---|---|
| DOUGLAS & LONDON, P.C.<br>Randolph Janis, Esq. (Pro Hac Vice Forthcoming)<br>Kristin Padden<br>rjanis@douglasandlondon.com<br>kpadden@douglasandlondon.com<br>One State Street, 35th Floor<br>New York, NY 10004<br>(212) 566-7500<br><br>BAER TREGER LLP<br>Andrew L. Treger, Esq.<br>atreger@baertreger.com<br>2121 Avenue of the Stars, Suite 800<br>Los Angeles, CA 90067<br>(310) 226-7570 | MANNING GROSS + MASSENBURG LLP<br>Jennifer A. Cormier (SBN 177109)<br>jcormier@mgmlaw.com<br>Anthony S. Miller (SBN 175389)<br>amiller@mgmlaw.com<br>601 Montgomery Street, Suite 1000<br>San Francisco, CA 94111<br>Tel: 415.512.4381<br>Fax: 415.512.6791 |

**Q. Independent Expert or Master**

The Parties agree that neither an Independent Expert nor a Master is indicated in this case.

**R. Schedule Worksheet**

The Schedule Worksheet is attached as Exhibit A.

**S. Other Issues**

None at this time.

Dated: September 5, 2026

*/s/Kristen Padden-Gindin*

Counsel for Plaintiff

DOUGLAS AND LONDON, P.C.
Kristin Daniel Padden-Gindin (SBN 355090)
Randolph Janis (Pro Hac Vice Forthcoming)
One State Street, 35th Floor
New York, NY 10004
Tel: (212) 566-7500
kpadden@douglasandlondon.com
rjanis@douglasandlondon.com

BAER TREGER LLP
Andrew L. Treger (SBN 240637)
Email: atreger@baertreger.com
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Tel: (310) 226-7570
Fax: (310) 226-7571

Attorneys for Plaintiff

Dated: September 5, 2026

/s/ Jennifer A. Cormier

Jennifer A. Cormier (SBN 177109)
jcormier@mgmlaw.com
Anthony S. Miller (SBN 175389)
amiller@mgmlaw.com
MANNING GROSS + MASSENBURG LLP
601 Montgomery Street, Suite 1000

San Francisco, CA 94111
Tel: 415.512.4381
Fax: 415.512.6791
*Attorneys for Defendant PAYAL, LLC*